# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

KEVIN S. BELLEGARDE,

                            Petitioner,              DECISION AND ORDER
                                                     99-CR-6090-CJS
-vs-                                                 03-CV-6308-CJS

UNITED STATES OF AMERICA,

                            Respondent.

_____

## APPEARANCES

For petitioner:                    Kevin S. Bellegarde, *pro se*
                                   *No. 50758-019*
                                   Federal Correctional Institution, Loretto
                                   P.O. Box 2000
                                   Fort Dix, NJ 08640

For respondent:                    Frank H. Sherman, A.U.S.A.
                                   United States Attorney's Office
                                   100 State Street Room 620
                                   Rochester, NY 14614

## INTRODUCTION

Petitioner Kevin S. Bellegarde ("petitioner"), proceeding *pro se*, moves this Court to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] He challenges his

conviction on allegations that he was denied effective assistance of counsel and that he

_____

[1]While section 2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. *See* 28 MOORE'S FEDERAL PRACTICE § 672.02[2][b] (3d Ed. 1999). Similarly, although prisoners file motions rather than petitions to initiate section 2255 proceedings, their motion papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Kevin S. Bellegarde as "petitioner" and to the United States as "respondent."

entered an unlawfully induced or involuntarily made guilty plea. For the reasons that follow, petitioner's motion is denied.

## BACKGROUND

Petitioner, pursuant to a written plea agreement, pled guilty, to Counts One and Four in a second superseding indictment.  Count One accused him of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, and Count Four accused him of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Subsequently, petitioner moved to withdraw his guilty plea, but his application was denied. The Court, therefore, in accordance with the plea agreement, sentenced him to 240 months imprisonment on Count One, and a consecutive 60 months on Count Four, for a total of 300 months, followed by five years of supervised release, a fine of $1,500 and a special assessment of $200.

Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit raising the following issues:

1. The District Court erred in not allowing defendant to withdraw his plea and also in not granting a hearing on this issue.

2. The defendant was under duress and coercion at the time he took the plea.

3. The defendant did raise a legitimate claim regarding ineffective assistance of counsel.

4. The District Court erred in failing to award any credit for acceptance of responsibility and also, for enhancing defendant's sentence two levels for obstruction of justice.

5. The District Court failed to obtain a sufficient factual basis for the plea.

(Brief for Defendant-Appellant at i.) In a summary order issued on June 28, 2002, the Second Circuit affirmed petitioner's conviction and sentence. *United States v. Bellegarde*, No. 01-1397, 39 Fed. Appx. 646 (2d Cir., Jun. 28, 2002).

Petitioner now raises two grounds upon which he argues he is entitled to relief under § section 2255. The first is his claim that he was denied effective assistance of counsel based upon his contentions that: counsel failed to move for dismissal of the indictment under *Jones v. United States*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004); counsel erroneously advised petitioner that buying drugs from his brother, a co-defendant in the second superseding indictment, to sell to others and having a gun during the time frame of the conspiracy alleged in the indictment was sufficient to convict him of the conspiracy offense; and counsel failed to object to imposition of an "additional" sixty-month sentence imposed for the plea to possession of a firearm in furtherance of a drug trafficking crime, which petitioner argues was "a substantive count or overt act of" the conspiracy charge. As to the second ground, petitioner maintains that he is entitled to relief under section 2255 because the Court failed to fully advise him of the elements of conspiracy at the time of his plea. (Pet. at 5-6.)

## LEGAL STANDARDS

Title 28 U.S. Code § 2255 provides, in relevant part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2005).[2] The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that petitioner is not entitled to relief. *Id*.

## A.    Ineffective Assistance of Counsel

The seminal case of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) laid out the test for ineffective assistance of counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.

## B.    Adequacy of Plea Colloquy

If a defendant fails to object to the adequacy of a plea colloquy, then the standard of review on appeal is solely for plain error. *See United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997). Federal Rule of Criminal Procedure 11 states in pertinent part:

> Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

---

[2]Section 2255 was last amended in 1996.

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

(2) Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

Fed. R. Crim. P. 11(b)(1)–(3). As the Sixth Circuit recently held:

> Rule 11 does require that before a district court accepts a defendant's guilty plea it must ensure that the defendant understands "the nature of each charge to which the defendant is pleading." FED. R. CRIM. P. 11(b)(1)(G). To satisfy this requirement, however, a district court judge "[i]n a simple case" need only read the indictment to the defendant and permit the defendant to ask questions about the charges. *United States v. Valdez*, 362 F.3d 903, 908 (6th Cir. 2004) (internal quotation omitted); *see also Bousley*, 523 U.S. at 618, 118 S.Ct. 1604 (noting that where a defendant has been provided a copy of the information prior to a change of plea a "presumption that the defendant was informed of the nature of the charge against him" arises). While a more thorough explanation may be necessary if the charges are complex, ultimately all that is required is that "the district court ... be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense." *United States v. Syal*, 963 F.2d 900, 905 (6th Cir. 1992); *see also United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990) (the elements of a charge need not be explained further by the district court where the charge "is simple enough for a lay person to understand").

*United States v. Webb*, 403 F.3d 373, 379 (6th Cir. 2005).

## C.    Procedural Default

"It is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default  and actual prejudice resulting therefrom." *Billy-Eko v. United States*,  8 F.3d 111, 113-14 (2d Cir. 1993) (citation omitted), *abrogated on other grounds by Massaro v. United States*, 538 U.S. 500 (2003).

## ANALYSIS

Respondent contends that petitioner has procedurally defaulted on the first two aspects of his ineffective assistance of counsel claim. The Court disagrees.  *Massero v. United States*, No. 01-1559, 538 U.S. 500 (2003). In *Massero*, the Supreme Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."

*Massaro*, 538 U.S. at 504. Respondent's memorandum of law does not cite *Massaro*, but the clear implication of that ruling is that petitioner's first two claims in his § 2255 application are not procedurally barred. *See Pitcher v. United States*, 371 F. Supp. 2d 246, 263 (E.D.N.Y. 2005).

Turning to the merits of petitioner's ineffective assistance of counsel claim, he first argues that under *Jones, Apprendi* and *Blakely*, counsel was obligated to move for dismissal of the indictment[3] because of the indictment's failure to notify him of the quantity and type of drug with which he was being charged. Count One of the second superseding indictment, to which the petitioner plead guilty, informed him that the conspiracy with which he was charged involved possession, with intent to distribute, "50 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, and a mixture or substance containing marijuana, a Schedule I controlled substance…." (Second Superseding Indictment at 2). The plea agreement included the following information with regard to quantity and type of drug:

> [f]or purposes of this plea agreement only, the equivalent under the Guidelines of approximately four hundred grams of cocaine base (crack) is the amount involved in defendant's relevant conduct encompassed in Count One of the Second Superseding Indictment which could be readily proven by the government at trial or at a sentencing hearing against the defendant.

(Plea Agreement at 5.)

In *United States v. Luciano*, 311 F.3d 146, 150 (2d Cir. 2002), the Second Circuit analyzed the application of *Apprendi* in a situation similar to the case at bar:

_____

[3]Petitioner refers generally to the indictment in his notice of motion, but the discussion in his accompanying memorandum of law (at 15) clearly refers to the drug conspiracy count in the second superseding indictment.

> In *Apprendi*, the Supreme Court held that "any fact [other than the fact of a
> prior conviction] that increases the penalty for a crime beyond the prescribed
> statutory maximum must be submitted to a jury, and proved beyond a
> reasonable doubt." 530 U.S. at 490. This court sitting in banc has applied that
> teaching to determinations of drug type and quantity under 21 U.S.C. § 841,
> to the extent that those determinations lead to the imposition of a sentence
> greater than the otherwise applicable statutory maximum. *United States v.
> Thomas*, 274 F.3d 655 (2d Cir. 2001). As we summarized our holding in
> *Thomas*, "Even if . . . not charged in the indictment or found by the jury, . . .
> drug . . . quantity may be used to determine the appropriate sentence so long
> as the sentence imposed is not greater than the maximum penalty authorized
> by statute for the offense charged in the indictment and found by the jury." *Id.*
> at 673. The touchstone of the constitutional inquiry under *Apprendi* is
> whether the sentence actually imposed, on the basis of drug quantity not
> found by the jury, exceeds the statutory maximum that would have applied
> in the absence of such a finding.

*Luciano*, 311 F.3d at 150. The statutory maximum sentence of confinement for the charge

in Count One of the second superseding indictment, is "not … less than 10 years or more

than life…." 21 U.S.C. § 841(b)(1)(A). The Court's sentence on Count One was 240

months, or 20 years. Since the sentence imposed is within the limits of the crime charged

in the indictment, there is no *Apprendi* violation.

Petitioner also asserts that he was deprived on notice since the indictment did not

indicate the quantity of crack cocaine the government was planning to prove was

chargeable to the conspiracy, other than "50 grams or more of a mixture or substance

containing cocaine base…." Petitioner argues, that, had he known, that he would be

admitting to responsibility for 400 grams, he would have taken his case to trial. (Pet.'s

Mem. of Law at 17 n.5.) This argument ignores the fact that petitioner represented to the

Court during his plea colloquy that he had read the plea agreement himself "numerous

times" (Plea Trans. at 6),  that the plea agreement very specifically states that he was

admitting to possession of 400 grams of cocaine base (Plea Agreement at 5), and that the

Court carefully pointed out to him during his plea allocution, "you are agreeing the amount of drugs you were involved in, for purposes of this plea is approximately 400 grams of cocaine base; do you agree with that?," to which petitioner answered, "Yes" (Plea Trans. at 28.) Therefore, petitioner's argument that he received ineffective assistance of counsel, because counsel failed to move to dismiss the indictment in violation of *Jones*, *Apprendi* and *Blakely*, is without merit.

As to the second aspect of petitioner's ineffective assistance claim, he maintains that his counsel was ineffective because he misadvised him that "his acts of buying drugs from his brother (co-conspirator Tracey Roach) to sell to others, and having a gun during the time frame of the alleged drug conspiracy, and possession of 6 grams of base cocaine were acts sufficient to convict him of the conspiracy offense." (Pet. at 5.) In his memorandum of law, petitioner states that his counsel advised him that purchase of drugs from his brother "for his own interest was still conduct [sic] of a conspiracy." (Pet.'s Mem. of Law at 20.) Even if the Court were to accept these allegations as true, they would not warrant relief under § 2255 since plaintiff has failed to show how any deficiency in his counsel's explanation of the elements of the two offenses to which he plead guilty prejudiced him.

In that regard, during his plea colloquy (Plea Trans. at 26.), the Court directed petitioner's attention to paragraph four on page three of the Plea Agreement, which states:

> a.      The elements of the offense of conspiracy to violate the drug laws of the United States, in violation of Title 21, United States Code, Section 846, which are: (1) the existence of the conspiracy charged in County One fo the Second Superseding Indictment; that is, an agreement or understanding between two or more persons to violate those provisions of the law which it illegal to distribute cocaine base or marijuana or to possess cocaine base or marijuana with the intent to distribute it; and (2) that the defendant knowingly

became a member of the conspiracy; that is, that he knowingly associated himself with and participated in the alleged conspiracy to distribute or possess with the intent to distribute cocaine base or marijuana. Intent to distribute is established if a defendant intended to cause or assist the distribution of the controlled substance; and

b.      The elements of the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), which are: (1) that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States; and (2) that the defendant knowingly possessed a firearm in furtherance of that crime. Conspiracy to distribute cocaine base or marijuana or to possess cocaine base or marijuana with the intent to distribute it is a federal drug trafficking crime. A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive. In order to prove that a defendant possessed a firearm, the government must prove that the defendant had direct physical control of the weapon, or the power and the intention to exercise control over it, in order to advance or promote the specified drug trafficking crime.

(Plea Agreement at 3 (emphasis in original).) During the plea colloquy, the Court then

specifically asked defendant the following questions, and he responded as follows:

THE COURT: The next thing I have to do before I can actually accept your plea of guilty is I have to satisfy myself that a factual basis exists for your plea.

In that regard I want to refer you first to paragraph 4 on page 3 because it says this; it explains to you what the Government must prove beyond a reasonable doubt for a jury to convict you.

For example, with respect to the conspiracy charge it indicates that the elements of the conspiracy charge are one, the existence of the conspiracy charged in count one.

Two, that you knowingly became a member of the conspiracy, and that knowingly became a member of the conspiracy is explained; do you see that?

THE DEFENDANT: Yes.

THE COURT: If the Government didn't prove to a jury both of those elements beyond a reasonable doubt, you could not be convicted of that crime; do you understand that?

THE DEFENDANT: Yes sir.

(Plea Trans. at 26.) In light of the Court's questioning, petitioner's assertion that he misunderstood the elements of conspiracy because they were wrongly explained to him by his counsel lack merit. If counsel had told petitioner that he could be convicted of conspiracy based on buying drugs from his brother to sell to others, then petitioner would have questioned the Court as he did with regard to the Court's explanation of the necessity for conviction on the conspiracy charge in order to be eligible for conviction on the gun possession in furtherance charge. (*See* Plea Trans. at 27.)

The Court additionally rejects his argument, also in Ground Two of the section 2255 application, that counsel's performance was defective because counsel did not explain to him that in order to be convicted of Count Four, the government would have had to show that his possession of the gun was in furtherance of drug trafficking. As with the conspiracy charge, the elements of the gun possession charge were fully explained in the plea agreement, and petitioner's attention was directed to the plea agreement during his plea colloquy. (Plea Trans. at 26-27.) Moreover, as indicated above, petitioner assured the Court, under oath, that he had read the plea agreement "numerous times." (Plea Trans. at 8.)

As to the final aspect of petitioner's ineffective assistance claim, he argues that since his conviction of the conspiracy count necessarily included conviction of the gun possession charge, sentencing him consecutively for the gun possession charge was "double counting," and his counsel failed to object to this. (Pet. at 5.) As the respondent correctly points out, Congress specifically authorized consecutive punishment for the gun

possession charged here. *United States v. Powell*, 894 F.2d 895, 899-900 (7th Cir. 1990).

Consequently, petitioner was not wrongfully sentenced to consecutive confinement for

Count Four, and, is not entitled to relief under section 2255 on the theory that his counsel

failed to object to the sentence.

Now turning to the second ground petitioner alleges as a basis for section 2255

relief, he contends that the Court failed to specifically lay out the elements of conspiracy

as required by *United States v. Irizarry*, 508 F.2d 960 (2d Cir. 1974). That case is

distinguishable. In *Irizarry*, the Second Circuit determined that,

> the full charge—conspiracy to possess and distribute cocaine—was never
> even identified. The closest that the court came was to identify the charge as
> "conspiracy"; conspiracy *to do what* was never mentioned. In addition, the
> court's discussion of the nature of a conspiracy charge was limited to
> statements that "you can't conspire with yourself" and "you have to have
> somebody else to conspire with"—hardly an adequate probing of the nature
> of conspiracy. Finally, at no time was Irizarry asked whether he understood
> the nature of the offense with which he was charged, nor did he volunteer
> that information, nor did he say anything from which such an understanding
> might be inferred.

*Irizarry*, 508 F.2d at 964. Unlike the situation in *Irizarry*, petitioner here was facing only one

conspiracy charge, and the elements of the charge to which he was pleading guilty were

fully set forth in the Plea Agreement, quoted above, to which the Court directed petitioner's

attention during the plea hearing. The Court finds no basis for § 2255 relief in this ground.

## CONCLUSION

For the foregoing reasons, petitioner's motion (Docket # 278) pursuant to 28 U.S.C.

§ 2255 is denied in all respects.[4]

---

[4]The Court has reviewed petitioner's motion and memorandum of law as well his reply and
supplemental authority, in addition to respondent's papers and concludes, pursuant to Rule 8 of

(continued...)

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:  August 24, 2005
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[4](...continued)
the Rules Governing § 2255 Proceedings, and finds that no evidentiary hearing is necessary.